**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ROBERT JONATHAN CLASEN,** | § § § | |
| Plaintiffs | § § | |
| v. | § § | No. 6:15-CV-625 |
| **NATIONAL BOARD OF OSTEOPATHIC MEDICAL EXAMINERS, INC., NOVA SOUTHEASTERN UNIVERSITY, HEATH PROFESSIONS DIVISION,** | § § § § § § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On December 30, 2015, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant National Board of Osteopathic Medical Examines, Inc.'s ("NBOME") Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue, or, alternatively, for Transfer to the Southern District of Indiana (Dkt. # 14) be GRANTED as to the motion to dismiss for lack of personal jurisdiction and improper venue and DENIED as to the motion to transfer, and Defendant Nova Southeastern University's ("NSU") Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Insufficient Service (Dkt. # 33) be GRANTED as to the motion to dismiss for lack of personal jurisdiction and improper venue and DENIED as moot as to the motion to dismiss for insufficient service.

*Pro se* Plaintiff Robert Jonathan Clasen filed "initial" objections ("First Set of Objections") to the report on January 13, 2016 (*see* Dkt. # 51), "written" objections ("Second Set

of Objections") on January 20, 2016 (*see* Dkt. # 55), and "emergent" objections ("Third Set of Objections") on February 16, 2015[1] (*see* Dkt. # 59 ). Defendant NSU responded to Plaintiff's First Set of Objections on January 19, 2016 (*see* Dkt. 54), and Plaintiff has filed a reply (*see* Dkt. 57). Defendant NBOME has not filed a response.

The court has made a *de novo* review of the objections raised by Plaintiff, as well as Defendant's response to those objections, and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

There is no personal jurisdiction here. Due process allows a federal court to exercise personal jurisdiction over a nonresident defendant only if the nonresident defendant has established minimum contacts by "purposely avail[ing] himself of the benefits and protections of the forum state." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Minimum contacts may be established through either specific or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).

Plaintiff has not shown any grounds for personal jurisdiction. He has made no showing that Defendants purposefully directed their activities at Plaintiff and the alleged injuries derived from those activities. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008). Neither NBOME nor NSU are citizens of Texas. Nor do they have offices, employees, bank accounts, real estate, or other property in the state of Texas. Plaintiff was not a

---

[1] The court notes that Plaintiff's Third Set of Objections filed on February 16, 2015 were filed twenty-one (21) days after Plaintiff acknowledged receipt of the report and thus are not timely filed. Nevertheless, they were considered despite their lack of timeliness.

Texas resident at the time of his enrollment at NSU, and none of the activities that are the subject of Plaintiff's claims occurred in Texas.

Plaintiff also has not established general jurisdiction over Defendants. He has not shown that Defendant had "substantial, continuous, and systematic contacts" with Texas, regardless whether those contacts are related to plaintiff's cause of action. *Johnston*, 523 F. 3d at 609-10 (citing *Helicopters Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-19 (1984). Plaintiff has failed to show that either NSU or NBOME meets the continuous and systematic contacts test. Accordingly, Plaintiff has failed to establish any grounds for specific or general jurisdiction over Defendants.

For similar reasons, venue is also improper. Neither Defendant resides in the Eastern District of Texas. 28 U.S.C. §1391(b)(1). None of the events or omissions alleged in Plaintiff's complaint occurred in the Eastern District of Texas. 28 U.S.C. §1391(b)(2). As explained, NSU and NBOME are not subject to personal jurisdiction in this District. 28 U.S.C. §1391(b)(3). Further, nothing in Plaintiff's objections shows how the court would have personal jurisdiction over Plaintiff's claims or how venue is proper in this district.

The Court hereby adopts the findings and conclusions of the Magistrate Judge as the finding and conclusions of this court. This court has no personal jurisdiction over Defendants, venue is improper in this district, and dismissal is appropriate.

Therefore, Defendant NBOME's Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue, or, alternatively, for Transfer to the Southern District of Indiana (Dkt. # 14) is GRANTED as to the motion to dismiss for lack of personal jurisdiction and improper venue and DENIED as to the motion to transfer, Defendant NSU's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Insufficient Service (Dkt. # 33) is GRANTED as to the

3

motion to dismiss for lack of personal jurisdiction and improper venue and DENIED as moot as to the motion to dismiss for insufficient service, and Plaintiff's complaint shall be dismissed without prejudice.

So **ORDERED** and **SIGNED** this **8** day of **March, 2016.**

_____
Ron Clark, United States District Judge